T. J. FREEMAN, Receiver, v. E. A. NICKELS.

Decided February 9, 1910.

**Damages—Charge—Affirmative Presentation of Defense—Practice.**

   The issue being whether or not the disabilities of which plaintiff complained, in a suit for damages for personal injuries, were caused by a derailment of defendant's railroad train or from other causes, a charge which required the jury to find from the evidence that plaintiff's disabilities were directly caused by said derailment before they could return a verdict for the plaintiff, was a sufficient presentation of the defense plead by defendant, and the issue joined, in the absence of a requested instruction to return a verdict for defendant if the plaintiff was not injured by the derailment.

Appeal from the District Court of Bexar County.    Tried below before Hon. A. W. Seeligson.

*King & Morris* and *Hicks & Hicks,* for appellant.—Where the pleadings of the defendant allege facts which, if found by the jury, constitute a complete defense to plaintiff's action, and there is evidence to support such allegations, it is the duty of the court to submit such defenses in his main charge to the jury, and it is error for the court to submit merely the plaintiff's side of the case and entirely ignore the defenses set up in the allegations of defendant. Sharman v. Newsome, 46 Texas Civ. App., 111; Tyler Ice Co. v. Tyler Water Co., 42 Texas Civ. App., 210; Aetna Ins. Co. v. Brannon, 101 S. W., 1020.

*H. C. Carter* and *Perry J. Lewis,* for appellee.

JAMES, CHIEF JUSTICE.—The action was brought by appellee to recover damages for personal injuries alleged to have been received by him while a passenger on one of appellant's trains by a derailment thereof through defendant's negligence.

The defendant pleaded general denial, also admitting the derailment and that plaintiff was a passenger on the derailed train, but denying that it knew the cause of the derailment, or that it was due to defendant's negligence; and also denying that plaintiff received injuries by reason of said derailment; but that his infirmities, whatever they be, were due to old age or some other cause than from injuries received in said derailment.    The verdict recovered was for $7500.

The court in his charge did not submit in direct terms to find for defendant if appellee was not injured by the derailment, nor if the

disabilities he complained of were due to his old age or to causes other than from injuries received in the derailment. This is complained of as error by appellant's first assignment of error. The submission was as follows:

"If you believe from the evidence that on or about the 19th day of March, 1908, plaintiff was a passenger on one of defendant's trains; and you further believe from the evidence that said train was wrecked and derailed, as alleged in plaintiff's petition; and you further believe from the evidence that such wreck and derailment, if any, were directly caused by defendant's negligence, if any, as alleged in plaintiff's petition; and you further believe from the evidence that by reason of such wreck and derailment, if any, and such negligence, if any, that plaintiff directly received any of the injuries alleged in his petition, then I charge you that your verdict must be for the plaintiff."

As, under this charge, the jury were required to find from the evidence that plaintiff directly received the injuries complained of by him by reason of said derailment before finding for plaintiff, the defenses referred to were not ignored. Defendant was entitled to a more particular presentation of these matters to the jury, but did not request it.

The rest of appellant's brief deals with the verdict, alleging it to be excessive in amount. The examination of the testimony leads to the conclusion that the sum awarded was not clearly out of proportion to the injuries and damages sustained, although plaintiff was 67 years of age. Judgment affirmed.

*Affirmed.*

Writ of error refused.